UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MANNING,<br><br>      Plaintiff,<br><br>    vs.<br><br>L. D. ZAMORA, et al.,<br><br>      Defendants. | 1:12-cv-01621-GSA-PC<br><br>ORDER DENYING MOTION FOR RECONSIDERATION<br>(Doc. 12.)<br><br>ORDER EXTENDING TIME FOR PLAINTIFF TO EITHER:<br><br>(1)  FILE A FIRST AMENDED COMPLAINT, OR<br><br>(2)  NOTIFY THE COURT OF HIS WILLINGNESS TO PROCEED ONLY ON THE CLAIMS FOUND COGNIZABLE BY THE COURT<br><br>NEW DEADLINE: **SEPTEMBER 20, 2013** |

**I.    BACKGROUND**

Leroy Manning ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action Pursuant to 42 U.S.C. § 1983. This action was initiated by civil Complaint filed on October 3, 2012. (Doc. 1.)

On July 25, 2013, the court issued an order requiring Plaintiff to either (1) file an amended complaint, or (2) notify the court of his willingness to proceed only on the claims found cognizable by the court. (Doc. 11.) On August 9, 2013, Plaintiff filed a motion for reconsideration of the court's order. (Doc. 12.)

## II. MOTION FOR RECONSIDERATION

### A. <u>Legal Standard</u>

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. <u>Harvest v. Castro</u>, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." <u>Id.</u> (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," <u>Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.</u>, 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

### B. <u>Plaintiff's Motion</u>

Plaintiff disagrees with the court's assessment of his claims and seeks a different decision. Plaintiff also cites the missnumbering of two sections of the order, which does not affect the content of the order, and discrepancies in the order between Plaintiff's allegations and Plaintiff's exhibits.

///

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, Plaintiff's motion for reconsideration shall be denied.

Plaintiff's remedy at this juncture, as set forth in the court's order of July 25, 2013, is to either file a First Amended Complaint, clearly stating the allegations and claims upon which he wishes to proceed, or notify the court of his willingness to proceed with the original Complaint on the claims found cognizable by the court. The court will not order service of process until Plaintiff is able to proceed with a complaint which the court has determined contains cognizable claims against the defendants to be served. 28 U.S.C. 1915(A).

Plaintiff shall be granted additional time in which to comply with the court's order of July 25, 2013.

### III.   CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration of the court's order of July 25, 2013, is DENIED; and

2. Plaintiff is granted an extension of time until **September 13, 2013**, in which to either:

   (1) file a First Amended Complaint, pursuant to the court's order of July 25, 2013; or

   (2) notify the court of his willingness to proceed with the original Complaint, with the claims found cognizable in the court's order of July 25, 2013.

IT IS SO ORDERED.

Dated:   **August 16, 2013**              **/s/ Gary S. Austin**
                                                         UNITED STATES MAGISTRATE JUDGE