UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MANNING,<br><br>        Plaintiff,<br><br>   vs.<br><br>L. D. ZAMORA, et al.,<br><br>        Defendants. | 1:12-cv-01621-GSA-PC<br><br>ORDER FOR PLAINTIFF TO SHOW<br>CAUSE WHY THIS CASE SHOULD NOT<br>BE DISMISSED FOR FAILURE TO<br>EFFECT SERVICE UPON DEFENDANT<br>JULIE KELLY<br>(Doc. 18.)<br><br>THIRTY DAY DEADLINE |

**I.      RELEVANT PROCEDURAL HISTORY**

      Leroy Manning ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On October 3, 2012, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)  On October 15, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c), and no other parties have appeared in this action.  (Doc. 5.)  Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required.  Local Rule Appendix A(k)(3).

1

This action now proceeds only against defendant Julie Kelly ("Defendant") for inadequate medical care in violation of the Eighth Amendment.[1]   On April 3, 2014, the United States Marshal ("Marshal") filed a return of service unexecuted, indicating the Marshal was unable to locate Defendant for service of process.  (Doc. 18.)

## II.   SERVICE BY UNITED STATES MARSHAL

Pursuant to Rule 4(m),

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, the Marshal, upon order of the Court, shall serve the summons and the complaint.  Fed. R. Civ. P. 4(c)(2).  "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and . . . should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'"  Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).  "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'"  Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)).  However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the Court's sua sponte dismissal of the unserved defendants is appropriate.  Walker, 14 F.3d at 1421-22.

///

///

///

---

[1] On September 16, 2013, the court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim under § 1983.  (Doc. 15.)

### *Background*

On September 25, 2013, the Court issued an order directing the Marshal to initiate service of process upon Defendant in this action.  (Doc. 17.)  On April 4, 2014, the Marshal filed a return of service unexecuted as to Defendant.  (Doc. 18.)  The return of service indicated that on October 28, 2013, the Marshal mailed service documents to Defendant at Avenal State Prison at the address provided by Plaintiff.  Id.  On February 6, 2012, the mail was returned, indicating that Defendant was not at that address.[2]  Id.  The mail was forwarded on December 4, 2013.  Id.  On March 4, 2014, March 25, 2014, and March 28, 2014, the Marshal attempted personal service, without success.  Id.

### *Discussion*

Pursuant to Rule 4(m), the Court will provide Plaintiff with the opportunity to show cause why Defendant Kelly should not be dismissed from the action at this time for inability to serve process.   Plaintiff has not provided sufficient information to identify and locate Defendant for service of process, and the Marshal was unable to locate Defendant.  If Plaintiff is unable to provide the Marshal with additional information, Defendant Kelly shall be dismissed from the action, which will result in the dismissal of this action in its entirety.

## III.    CONCLUSION

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Within **thirty (30) days** from the date of service of this order, Plaintiff shall show cause why Defendant Kelly should not be dismissed from this action pursuant to Rule 4(m), dismissing this action in its entirety; and

///
///
///
///
///

---

[2] The Marshal informed the court that Defendant was no longer working at Avenal State Prison, and therefore on December 4, 2013, the Marshal resent the service documents to a new possible address, without success.

3

2.      The failure to respond to this order or the failure to show cause will result in the dismissal of Defendant Kelly from this action and the dismissal of this action in its entirety.

IT IS SO ORDERED.

Dated:   __**April 11, 2014**__                    _____**/s/ Gary S. Austin**_____
                                                                 UNITED STATES MAGISTRATE JUDGE