UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MANNING,<br><br>    Plaintiff,<br><br>    vs.<br><br>L. D. ZAMORA, et al.,<br><br>    Defendants. | 1:12-cv-01621-GSA-PC<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE<br>(Doc. 23.)<br><br>ORDER GRANTING EXTENSION OF TIME FOR DEFENDANT KELLY TO FILE RESPONSE TO COMPLAINT<br><br>DEADLINE: <u>OCTOBER 6, 2014</u> |

**I.  BACKGROUND**

    Leroy Manning ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On October 3, 2012, Plaintiff filed the Complaint commencing this action. (Doc. 1.) This action now proceeds on the initial Complaint against defendant Nurse Julie Kelly ("Defendant") for inadequate medical care in violation of the Eighth Amendment.[1]

---

[1] On September 16, 2013, the court dismissed all other claims and defendants from this action based on Plaintiff's failure to state a claim under § 1983. (Doc. 15.)

On August 14, 2014, the court issued an order for Defendant to show cause why default should not be entered against her for failure to appear in this action.  (Doc. 23.)  To facilitate Defendant's ability to comply with the order, the court extended Defendant's obligation to respond to the Complaint until thirty days from the date of service of the order.  (Id. at 2 ¶2.)  On September 10, 2014, Defendant filed a response to the order to show cause and requested a further extension of time to file a response to the Complaint.  (Doc. 24.)

## II.     ENTRY OF DEFAULT

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise.  See Fed. R. Civ. P. 55(a).  Rule 12 of the Federal Rules of Civil Procedure provides, "[A] defendant must serve an answer within 21 days after being served with the summons and complaint; or if it has timely waived service under Rule 4(d), within 60 days after the request for a waiver was sent."  Fed. R. Civ. P. 12(a)(1)(A).  Under Rule 4(d), a defendant may waive service of a summons by signing and returning a waiver of service.  Fed. R. Civ. P. 4(d).  If a defendant fails to plead or otherwise defend an action after being properly served with a summons and complaint, default may be entered pursuant to Rule 55(a) of the Federal Rules of Civil Procedure.

Once default has been entered against a defendant, the court may, "[f]or good cause shown . . . set aside an entry of default. . . ."  Fed. R. Civ. P. 55(c).  "The court's discretion is especially broad where, as here, it is entry of default that is being set aside, rather than default judgment."  O'Connor v. State of Nevada, 27 F.3d 357, 364 (9th Cir. 1994) (quoting Mendoza v. Wight Vineyard Mgmt., 783 F.2d 941, 945 (9th Cir. 1986)); see also Brady v. United States, 211 F.3d 499, 504 (9th Cir. 2000).  Default is generally disfavored.  In re Hammer, 940 F.2d 524, 525 (9th Cir. 1991); Westchester Fire Ins. Co. v. Mendez, 585 F.3d 1183, 1189 (9th Cir. 2009).  Therefore, "'[w]here timely relief is sought from a default . . . and the movant has a meritorious defense, doubt, if any, should be resolved in favor of the motion to set aside the [default] so that cases may be decided on their merits.'"  Mendoza, 783 F.2d at 945-46 (quoting Schwab v. Bullock's, Inc., 508 F.2d 353, 355 (9th Cir. 1974) (internal quotations and citation

omitted)). In determining whether to set aside default, relevant factors including the culpability of defendant, the existence of a meritorious defense, and any prejudice to plaintiff should be considered. <u>American Ass'n of Naturopathic Physicians v. Hayhurst</u>, 227 F.3d 1104, 1108 (9th Cir. 2000).

### III.   DEFENDANT'S RESPONSE TO ORDER TO SHOW CAUSE

Defendant Kelly requests the court to discharge its order to show cause, on the ground that her failure to make a timely response to the Complaint in this action was the result of excusable neglect. Defendant declares that she has never been involved in a civil lawsuit before and was uncertain what to do when she received documents regarding this lawsuit. (Declaration of J. Kelly, Doc. 24-1 ¶2.) She contacted a former medical colleague at Avenal State Prison who told her to sign and return the form to the U.S. Marshal and wait for further instructions from the court. (<u>Id.</u>) Defendant did as suggested and did not realize that by signing the form she had inadvertently represented to the court that she would respond to the lawsuit within sixty days. (<u>Id.</u>) On August 22, 2014, Defendant received the court's order to show cause and contacted the same former colleague at Avenal State Prison, who suggested she contact the prison's Litigation Coordinator. (<u>Id.</u> at 2 ¶3.) Defendant declares that until then, she had no idea such a position existed. (<u>Id.</u>) Defendant contacted the Litigation Coordinator, who assisted her to obtain representation from the Office of the Attorney General. (<u>Id.</u> ¶¶4-8.) Defendant declares that she never intended to delay this lawsuit, and she failed to timely respond because of her inexperience with litigation and misplaced reliance on the advice of a former colleague. (<u>Id.</u> ¶9.)

### IV.   DISCUSSION

The court finds no evidence of bad faith or willful disobedience by Defendant in failing to timely respond to the Complaint. In addition, the court finds no prejudice to Plaintiff in allowing Defendant an extension of time to respond to the Complaint. Therefore, the court's order to show cause shall be discharged, and Defendant shall be granted an extension of time to file a response to the Complaint.

///

**V.     CONCLUSION**

Based on the foregoing, and good cause appearing, IT IS HEREBY ORDERED that:

1. The court's order to show cause, issued on August 14, 2014, is DISCHARGED; and

2. Defendant Kelly is granted an extension of time until <u>October 6, 2014</u> in which to file a response to the Complaint.

IT IS SO ORDERED.

Dated:   **September 13, 2014**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE