UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MANNING, | 1:12-cv-01621-LJO-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR COURT HEARING |
| vs. | ORDER DENYING MOTION TO WITHDRAW CONSENT TO MAGISTRATE JUDGE |
| L. D. ZAMORA, et al., | |
| Defendants. | ORDER DENYING MOTION FOR ASSIGNMENT OF DISTRICT COURT JUDGE AS MOOT |
| | ORDER DENYING MOTION FOR RECONSIDERATION |
| | ORDER DENYING MOTION FOR REASSIGNMENT OF MAGISTRATE JUDGE |
| | (Doc. 6.) |

**I.      RELEVANT PROCEDURAL HISTORY**

Leroy Manning (Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action filed pursuant to 42 U.S.C. § 1983.  On October 3, 2012, Plaintiff filed the Complaint commencing this action.  (Doc. 1.)  This case now proceeds with the initial

Complaint against defendant Julie Kelly ("Defendant") for inadequate medical care, in violation of the Eighth Amendment.[1] (Id.)

On October 15, 2012, Plaintiff consented to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Doc. 5.) On October 28, 2014, Defendant declined the jurisdiction of a Magistrate Judge. (Doc. 33.) On October 29, 2014, this case was assigned to District Court Judge Lawrence J. O'Neill as presiding judge, with Magistrate Judge Gary S. Austin assigned as Magistrate Judge. (Doc. 34.)

On September 24, 2014, Plaintiff filed a motion for the District Court Judge to set a court hearing to consider Plaintiff's motion to withdraw his consent to the Magistrate Judge, motion for reconsideration of the screening order, motion for reconsideration of the order discharging the court's order to show cause, and motion to reassign this action to a different Magistrate Judge. (Doc. 28.) Plaintiff's motions are now before the court.

## II.    MOTION FOR COURT HEARING

As a rule, the court does not hear motions in court for prisoner civil rights cases. Local Rule 230(*l*) provides that "[a]ll motions, except motions to dismiss for lack of prosecution, filed in cases wherein one party is incarcerated and proceeding in propria persona, shall be submitted upon the record without oral argument unless otherwise ordered by the Court." L.R. 230(*l*). Plaintiff is incarcerated and proceeding in propria persona with this action, and the court finds no good cause to schedule a court hearing to hear Plaintiff's motions. Therefore, Plaintiff's motion for a court hearing shall be denied.

## III.   WITHDRAWAL OF CONSENT AND ASSIGNMENT OF DISTRICT JUDGE

Plaintiff seeks to withdraw his consent to Magistrate Judge jurisdiction and to have a United States District Judge assigned to this case. Plaintiff argues that he has a statutory right to seek relief before a District Court Judge.

A party to a federal civil case has, subject to some exceptions, a constitutional right to proceed before an Article III judge. Dixon v. Ylst, 990 F.2d 478, 479 (9th Cir. 1993);

---

[1] On September 16, 2013, the court dismissed all other claims and defendants from this action, based on Plaintiff's failure to state a claim. (Doc. 15.)

2

Pacemaker Diagnostic Clinic of America, Inc. v. Instromedix, Inc., 725 F.2d 537, 541 (9th Cir. 1984) (en banc), cert. denied, 469 U.S. 824, 105 S.Ct. 100, 83 L.Ed.2d 45 (1984). This right can be waived, allowing parties to consent to trial before a magistrate judge. Dixon at 479-480; Pacemaker at 542; 28 U.S.C. § 636(c)(1). Once a civil case is referred to a magistrate judge under section 636(c), the reference can be withdrawn only by the district court, and only "for good cause shown on its own motion, or under extraordinary circumstances shown by any party." Dixon at 480 (quoting Fellman v. Fireman's Fund Ins. Co., 735 F.2d 55, 58 (2d Cir.1984)); 28 U.S.C. § 636(c)(6); Fed. R. Civ. P. 73(b). There is no absolute right, in a civil case, to withdraw consent to trial and other proceedings before a magistrate judge. Dixon at 480.

**Discussion**

Plaintiff seeks to withdraw his consent under 28 U.S.C. § 636(c), because his case was unreasonably delayed by the Magistrate Judge, and the Magistrate Judge issues arbitrary orders and fails to adhere to required procedures or time limits. The Court has thoroughly reviewed the case record and Plaintiff's arguments, and does not find evidence of extraordinary circumstances for the Court to allow Plaintiff to withdraw his consent to jurisdiction of the Magistrate Judge. Therefore, Plaintiff's motion shall be denied.

Plaintiff's motion for this case to be assigned to a District Court Judge is moot and shall be denied as such, because on October 29, 2014, District Court Judge Lawrence J. O'Neill was assigned to this case as presiding judge.

**III.    MOTION FOR RECONSIDERATION BY A DISTRICT COURT JUDGE**

    **A.    Legal Standard**

Local Rule 303 provides that "[a] party seeking reconsideration of the Magistrate Judge's ruling shall file a request for reconsideration by a Judge . . . specifically designat[ing] the ruling, or party thereof, objected to and the basis for that objection. This request shall be captioned 'Request for Reconsideration by the District Court of Magistrate Judge's Ruling.'" Local Rule 303(c). "The standard that the assigned Judge shall use in all such requests is the

'clearly erroneous or contrary to law' standard set forth in 28 U.S.C. § 636(b)(1)(A)."  Local Rule 303(f).

### B.     Reconsideration of Screening Order

Plaintiff requests reconsideration by a District Court Judge of the screening order issued by the Magistrate Judge on July 25, 2013.  (Docs. 11, 25.)  Plaintiff complains that the Magistrate has issued arbitrary screening orders which "deprive Plaintiff of due process rights in the first instance regarding violation of his Fifth, Eighth and Fourteenth Amendment rights as speicified (*sic*) within the amended complaint[2] which necessitates modification of the screening order."  (Motion, Doc. 28 at 2.)  Plaintiff asserts that it has been determined that the amended complaint is not frivolous or malicious, and that it states a claim upon which relief may be granted.  Plaintiff argues that the "screening order arbitrarily deprives Plaintiff of access to the courts against culpable and legally liable defendants."  (Id. at 2 ¶¶1-4.)  Plaintiff argues that the Magistrate Judge's preliminary approach with the initial screening, apparently due to work overload, was to eliminate named defendants who were properly named and liable under the Constitution and statutes of the United States.  Plaintiff argues that he is entitled to appropriate screening of the complaint and service upon all properly named defendants.

### Discussion

Plaintiff has not explained why he believes the screening order was arbitrary or how he was deprived of due process.  Plaintiff offers no evidence in support of his argument that the Magistrate Judge eliminated properly named defendants or violated time frames under Rule 12 in the screening order.  The Court has considered Plaintiff's arguments and reviewed the Magistrate Judge's screening order of July 25, 2013, and does not find the order be clearly erroneous or contrary to law.  Therefore, Plaintiff's motion for reconsideration of the screening order shall be denied.

///

---

[2] The court assumes that Plaintiff refers to the Complaint filed on October 3, 2012.  Plaintiff has not filed an amended complaint in this action.

4

**C.      Reconsideration of Order Discharging Order to Show Cause**

Plaintiff also requests reconsideration by the District Court Judge of the Magistrate Judge's order of September 15, 2014, which discharged the court's order to show cause of August 14, 2014 and granted Defendant an extension of time to respond to the Complaint. (Doc. 25.)[3] Plaintiff argues that he was improperly denied an opportunity to respond before the court discharged the order to show cause.  Plaintiff asserts that he was not served with Defendant's request for an extension of time, or permitted time to oppose it, before it was granted.  Plaintiff argues that he was improperly denied an opportunity to "show how granting an extension would and does prejudice [his] rights," and the court's order should be set aside. (Motion, Doc. 28 at 2.)  Plaintiff argues that he should have been permitted to show that sanctions were appropriate against Defendant, based on the prejudice against Plaintiff and Defendant's failure to show excusable neglect.

**Discussion**

The court record shows that on July 2, 2014, Plaintiff was served with notice that Defendant Kelly had signed a Waiver of Service and had sixty days, or until July 25, 2014, to respond to the Complaint. (Doc. 22.)  After the expiration of Defendant's deadline on July 25, 2014, Plaintiff had the opportunity to file a motion for entry of default under Rule 55, but Plaintiff did not do so.  Thus, Plaintiff failed to set forth arguments why default should be entered against Defendant.

Now Plaintiff seeks another opportunity to make such arguments, in opposition to the discharge of the order to show cause.  However, Plaintiff has not shown any authority for his assertion that he was entitled by law to an opportunity to oppose the discharge.  The order to

---

[3] On July 2, 2014, a Waiver of Service was filed by Defendant, which allowed her sixty days, or until July 25, 2014, to file a response to the Complaint. (Doc. 22.)  Defendant failed to timely respond to the Complaint. (Court Record.)  On August 14, 2014, the court issued an order requiring Defendant to show cause why default should not be entered against her for failure to timely respond to the Complaint. (Doc. 23.)  The order granted Defendant a thirty-day extension of time in which to respond to the Complaint. (Id.)  On September 10, 2014, Defendant filed a response to the court's order. (Doc. 24.)  On September 15, 2014, the court issued an order discharging the order to show cause, finding no evidence of bad faith or willful disobedience by Defendant in her failure to timely respond to the Complaint, and granting Defendant additional time in which to respond to the Complaint. (Doc. 25.)

show cause was directed only to Defendant, and not to Plaintiff, and it was Defendant's burden to show cause why default should not be entered against her. The court found that Defendant had met her burden and was entitled to an extension of time to respond to the Complaint.

The undersigned does not find the Magistrate Judge's order of September 15, 2014 to be clearly erroneous or contrary to law. Therefore, Plaintiff's motion for reconsideration of the order discharging the order to show cause shall be denied.

**IV.     MOTION FOR REASSIGNMENT OF MAGISTRATE JUDGE**

Plaintiff requests that his case be reassigned from Magistrate Judge Gary S. Austin to another Magistrate Judge. Plaintiff's request suggests a motion for recusal under 28 U.S.C. § 144 or 28 U.S.C. § 455. Under 28 U.S.C. § 144, "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; see Pesnell v. Arsenault, 543 F.3d 1038, 1043 (9th Cir. 2008); U.S. v. Johnson, 610 F.3d 1138, 1147 (9th Cir. 2010). Under 28 U.S.C. § 455(a), "[a]ny ... judge ... shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Pesnell, 543 F.3d at 1043. 28 U.S.C. § 455(b) provides in relevant part, "[h]e shall also disqualify himself in the following circumstances: [w]here he has a personal bias or prejudice concerning a party ..." 28 U.S.C. §455(b)(1). The substantive standard is "'[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" Pesnell, 543 F.3d at 1043 (quoting United States v. Hernandez, 109 F.3d 1450, 1453 (9th Cir. 1997)). However, the bias must arise from an extra-judicial source and cannot be based solely on information gained in the course of the proceedings. Id. (citing Liteky v. United States, 510 U.S. 540, 554-56 (1994). "'Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion.'" In re Focus Media, Inc., 378 F.3d 916, 930 (9th Cir. 2004) (quoting Liteky, 510 U.S. at 555). "'In and of themselves . . , they cannot possibly show reliance upon an extrajudicial source; and can

///

only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved.'" Id.

Plaintiff argues that Magistrate Judge Austin's judicial rulings have been erroneous and have prejudiced Plaintiff. Plaintiff complains that his case was unreasonably delayed because of inaction by the Magistrate Judge, and that the Magistrate Judge issues arbitrary orders and does not adhere to required procedures or time limits. Plaintiff argues that he has been prejudiced in his ability to timely pursue discovery, service of the complaint and summons, and timely access to the federal court. Plaintiff argues that the delays affect the future availability of witnesses. Plaintiff asserts that service of process was delayed until after the principal defendant had relocated, causing Plaintiff to be required to find the new location.

**Discussion**

Plaintiff has not supported his motion with any evidence that the Magistrate Judge has a personal bias against him from an extra-judicial source. As discussed above, a judge's rulings while presiding over a case do not constitute extra-judicial conduct. In re Focus Media, Inc., 378 F.3d at 930. Plaintiff's disagreement with the court's rulings or procedures is not a legitimate ground for seeking disqualification. Therefore, Plaintiff's motion for reassignment of the Magistrate Judge shall be denied.

**V.   CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for a court hearing is DENIED;
2. Plaintiff's motion to withdraw his consent to the jurisdiction of a Magistrate Judge is DENIED;
3. Plaintiff's motion for assignment of a District Court Judge to this case is DENIED AS MOOT;
4. Plaintiff's motion for reconsideration of the Magistrate Judge's orders by the District Court Judge is DENIED; and

///

///

5.  Plaintiff's motion for his case be reassigned from Magistrate Judge Gary S. Austin to another Magistrate Judge is DENIED.

IT IS SO ORDERED.

Dated:   **October 31, 2014**              **/s/ Lawrence J. O'Neill**
                                                                       UNITED STATES DISTRICT JUDGE