# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MANNING,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>L. ZAMORA, et al.,<br><br>　　　　Defendants. | Case No. 1:12-cv-01621-LJO-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' MOTION TO DISMISS BE DENIED<br><br>ECF NO. 31 |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302. Pending before the Court is Defendant Kelly's motion to dismiss. Plaintiff has opposed the motion.

**I.**

**PROCEDURAL HISTORY**

This action proceeds on the original complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation (CDCR) at Ironwood State Prison, brings this action against Defendant J. Kelly, a Physician's Assistant employed by the CDCR at Avenal State Prison, where the events at issue occurred. Plaintiff also names as Defendants L. Zamora, D. McElroy, R. Chapnick, M. Boparai. Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

1

Plaintiff also sets forth claims for conspiracy and violations of the Americans With Disabilities Act (ADA). On July 25, 2013, an order was entered, finding that the complaint stated a claim against Defendant J. Kelly for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment. Plaintiff failed to state a claim against any other Defendants or for conspiracy or violation of the ADA. Plaintiff was provided an opportunity to either file an amended complaint the cured the defects identified in the July 25, 2013, order, or notify the Court of his intention to proceed against Defendant Kelly only. On August 28, 2013, Plaintiff filed a notice, indicating his willingness only to proceed on the claims found to be cognizable by the court on July 25, 2013.[1] Defendant Kelly was served, and filed the motion to dismiss that is before the Court.

## II.

## DISCUSSION

### A. 12(b)(6) Motion for Failure to State Cognizable Claim for Relief

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 124-42 (9th Cir. 2011)(quotation marks and citation marks omitted), cert. denied, 132 S.Ct. 1762 (2012). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n., 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007). Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n. 1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(citing Bell Atlantic v. Twombly, 550 U.S. 554, 555 (2007)(quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir.

---

[1] In the July 25, 2013, order, Plaintiff was advised that if he chose to proceed only the claims found to be cognizable, the remaining claims and Defendants would be dismissed. Therefore, the Court will recommend dismissal of Defendants L. Zamora, D. McElroy, R. Chapnick, M. Boparai, and Plaintiff's Americans With Disabilities Act (ADA) and conspiracy claims.

2009).  The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party, Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1115, 1153 (9th Cir. 2000), and in this Circuit, pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Cartier, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

**1. Allegations of the Complaint**

On April 19, 2011, Plaintiff was examined by Dr. Enomoto.  Plaintiff complained about protruding hemorrhoids which caused pain, bleeding and difficulty having bowel movements.  Dr. Enomoto prescribed medication and a follow-up examination.  On May 19, 2011, Plaintiff was again examined by Dr. Enomoto.  Plaintiff complained of multiple symptoms related to his hemorrhoids.  Dr. Enomoto scheduled a follow-up examination with a specialist.

On July 28, 2011, Dr. Atienza, a specialist, examined Plaintiff and recommended surgery.  On August 24, 2011, Plaintiff was examined by another specialist who recommended immediate surgery due to Plaintiff's observable condition and pain.  Dr. Atienza's recommendation was forwarded to another specialist, Dr. Bonnheim, who examined Plaintiff on September 28, 2011 and confirmed an immediate need for emergency hemorrhoid surgery.  Plaintiff understood that he was approved and scheduled for transportation and surgery.

On December 10, 2011, Plaintiff was seen by a nurse for his continuing symptoms, and scheduled for the Doctor's Line.  On January 11, 2012, Plaintiff met with Defendant Physician's Assistant Kelly and explained his symptoms.  Defendant Kelly had Plaintiff turn around and bend over, used her finger to manually examine Plaintiff, and informed him she was going to cancel his surgery.  Plaintiff became upset and asked why.  Kelly replied, "Because you had the surgery once already." (Compl. at p. 6.)  Plaintiff emphatically objected, describing how he is unable to have a normal bowel movement because of his condition, and Kelly replied, "Well, consider your surgery cancelled." (Id.)  Plaintiff requested the on-duty correctional officer in the adjacent hallway to come inside the examination room, saying "Say, man, get in here.  This

woman is crazy!  She is telling me that she's overriding a doctor's order and I want you to note and remember this as a witness.  She has no authority to override a doctor's, the specialist's, approval!"  (Id.)  Plaintiff and the officer departed the examination room, and Defendant Kelly wrote down her assessment, canceling Plaintiff's hemorrhoidectomy, refilling his medications, and scheduling a follow-up on 5-6 weeks.  Defendant Kelly contacted Dr. Boparai, who acted in concert with Kelly and ordered Plaintiff's surgery cancelled without examining him.

On January 11, 2012, Plaintiff submitted a 602 grievance complaining about Defendant Kelly's interference with doctor's orders and requesting the surgery that was recommended by the specialists.  On February 1, 2012, Plaintiff was examined and interviewed by Dr. Kaleka who referred Plaintiff for surgery which was approved on February 2, 2012.  The first level appeal was signed by J. Nay, AGPA Health Care Appeals, Avenal State Prison and Dr. Boparai.  Plaintiff alleges that because of Dr. Boparai's interference, the appeal was treated as a routine medical appeal instead of a serious medical need, the response was not issued until February 6, 2012, resulting in a lag time in actually scheduling the surgery.

In the July 25, 2013, order, the Court found that Plaintiff stated a claim against Defendant Kelly for interfering with medical treatment ordered by a doctor by cancelling Plaintiff's hemorrhoid surgery, causing a delay of the surgery during which Plaintiff suffered pain and discomfort.

**2.   Statutory Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity, 28 U.S.C. § 1915A(a), and it must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

The Court screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, and found that Plaintiff stated a cognizable claim under the Eighth Amendment against Defendant Kelly for deliberate indifference to his serious medical needs.  (ECF No. 11.)   Because the screening standard does not differ from the standard governing Rule 12(b)(6) motions, the Court generally

views motions to dismiss for failure to state a claim with disfavor. Unless a motion sets forth new or different grounds not previously considered by the Court, it is disinclined to rethink what it has already thought. Sequioa Forestkeeper v. U.S. Forest Service, No. CV F 09-00392-LJO-JLT, 2011 WL 902120, at *6 (E.D. Mar. 15, 2011)(citing United States v. Rezzonico, 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998)(quotation marks omitted). Defendants' motion does not change this Court's decision in the prior screening order which found a cognizable claim under the Eighth Amendment.

### 1. Observation of Serious Medical Need

Defendant initially argues that on the date that she examined Plaintiff, he reported no constipation, no abdominal pain, and no rectal pain or itching. (Comp. at 7; Pl.'s Ex. 7.) Upon examination, Defendant noted a "0.5 cm area of minimal erythema" and "no palpable masses or large hemorrhoids." (Id.) Defendant argues that the evidence presented in Exhibit 7 to Plaintiff's complaint negates Plaintiff's allegations that he had a serious medical need when he was examined by Defendant Kelly.

Documents attached to the complaint are part of the complaint and may be considered in determining whether a plaintiff can prove any set of facts in support of the claim. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987)(citing Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc., 583 F.2d 426, 429 (9th Cir., 1978). A court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998). "Moreover, the court may consider the full text of those documents, even when the complaint quotes only selected portions." Blue Dolphin Charters, Ltd. v. Knight & Carver Yachtcenter, Inc., No. 11-cv-565-L(WVG), 2012 WL 1185945, at *3 (S.D. Cal. April 9, 2012.

The question therefore turns on whether the exhibits attached to the complaint contradict the allegations of the complaint. In the complaint, Plaintiff alleges that, before he was seen by Physician's Assistant Kelly, Dr. Atienza recommended surgery, and Dr. Bonnheim confirmed the need for surgery. Plaintiff alleges that he explained to Defendant Kelly that when he had a

bowel movement, his hemorrhoids would protrude. Plaintiff asked Defendant Kelly if he could use the bathroom now, as he did for Dr. Enomoto and the specialist, so she could observe "what happens." Defendant Kelly told Plaintiff that would not be necessary and the she would "visually observe and give you an examination." (Compl. p. 6.) Based on a manual examination, Defendant Kelly informed Plaintiff he did not need the surgery. Plaintiff protested that "I have to push my insides back inside me every time I use the bathroom three times a day; I can't have a normal bowel movement because of this, and you're telling me this is okay to have to go through this?' (Id.)

Plaintiff's Exhibit 7 is a copy of the Medical Progress Note authored by Defendant Kelly for that date. Defendant Kelly noted the following: "ABDOMEN: Normal bowel sounds, soft, nontender with hepatosplenomegaly GENITOURINARY: Anus: Digital rectal examination is performed. No palpable masses or large hemorrhoids are appreciated." (Compl., Ex. 7.) Defendant Kelly's assessment was hemorrhoids. After calling Dr. Boparai, an order was faxed to Utilization Management to cancel surgery. (Id.)

There does not appear to be any factual discrepancies. Plaintiff alleges that, on prior occasions, he was allowed to have a bowel movement, which resulted in protrusion of hemorrhoids. Although Plaintiff's exhibit indicates that Defendant Kelly's examination revealed "no palpable masses or large hemorrhoids," it does not contradict his allegation that Defendant Kelly refused Plaintiff's request to have a bowel movement first, or Plaintiff's allegation that he told Defendant Kelly that he did so for Dr. Enomoto and the specialist. Plaintiff's complaint alleges that Plaintiff explained to Defendant Kelly that his hemorrhoids protrude when he has a bowel movement. Nothing in Exhibit 7 contradicts this.

**2. Disagreement with Diagnosis**

Defendant argues that "at best, Exhibit 7 reflects a difference of opinion between the specialist who originally referred Plaintiff for surgery and Defendant Kelly, who based her exam on a phone conversation with Dr. Boparai, cancelled the surgery." (P.&A., 6:23-25.) Defendant correctly argues that a disagreement of medical opinion among medical staff as to the proper course of treatment does not state an Eighth Amendment violation. Sanchez v. Vild, 891 F.2d

1  240, 242 (9th Cir. 1989). Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

2  Interpreting the facts liberally, as the Court must, Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989), Plaintiff's allegations do not simply disagree with the course of this treatment, but the basis for Defendant Kelly's decision. The facts alleged indicate that Plaintiff was allowed to have a bowel movement in order to reproduce the condition at issue when he was examined by two physicians prior to seeing Defendant Kelly. Plaintiff Kelly would not allow him to attempt to replicate his condition, but made a diagnosis based on a digital examination and visual inspection. The complaint clearly alleges that Plaintiff told Defendant Kelly how he could replicate the condition and that he did in fact do so for Dr. Enomoto and the specialist. Defendant Kelly did not allow him to do so. Liberally construed, that states a colorable claim for relief against Defendant Kelly for deliberate indifference.

### 3. Delay of Medical Care

Defendant correctly argues that a mere delay of surgery, without more, fails to state a claim for relief. Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985). Defendant argues that Plaintiff's allegations indicate that between the time for which he would have had surgery (January 20 or 26, 2012) and the date of the actual surgery (March 8, 2012), he experienced "suffering or daily requirement to push his protruding hemorrhoids back inside himself three times a day, as he constantly wiped blood and brown smelly discharge from this affected area, unable to sit comfortably." (Compl. pp, 10, 15.)

Defendant argues that these complaints reflect that Plaintiff's condition remained unchanged from the months leading up to the appointment with Defendant Kelly. Defendant argues that because these conditions did not get worse as a result of Defendant Kelly's conduct, Plaintiff has not alleged any facts indicating that the delay caused any harm. A liberal construction of the complaint is that Defendant Kelly's delay prolonged Plaintiff's suffering. That the daily suffering of Plaintiff did not worsen as a result of Defendant Kelly's alleged conduct does not negate the allegation, liberally construed and taken as true, that Defendant Kelly's conduct caused Plaintiff to have his surgery later than scheduled, prolonging his suffering. Such an allegation states a colorable claim for relief.

### 4. Qualified Immunity

Finally, Defendant argues that she is entitled to qualified immunity because a reasonable physician's assistant would believe that consulting with a medical doctor and then cancelling surgery was lawful. Defendant argues that Plaintiff's Exhibit 7 establishes that Defendant examined Plaintiff and noted minimal redness and no palpable or large hemorrhoids. Because the allegations of the complaint indicate that Defendant called and conferred with Dr. Boparai before faxing the physician order to Utilization Management to cancel the surgery, it is evident that a reasonable physician's assistant would have believed her conduct was lawful and did not violate the Constitution.

Government officials enjoy qualified immunity from civil damages unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). "Qualified immunity is 'an entitlement not to stand trial or face the other burdens of litigation,'" Saucier v. Katz, 533 U.S. 194, 200 (2001)(quoting Mitchell v. Forsyth, 472 U.S. 511, 526 (1985), overruled on other grounds by Pearson v. Callahan, 555 U.S. 223, 233 (2009)). In applying the two-part qualified immunity analysis, it must be determined whether, "taken in the light most favorable to [Plaintiff], Defendants' conduct amounted to a constitutional violation, and . . . whether or not the right was clearly established at the time of the violation." McSherry v. City of Long Beach, 560 F.3d 1125, 1129-30 (9th Cir. 2009). These prongs needs not be addressed by the Court in any particular order. Pearson, 555 U.S. at 233. "The relevant, dispositive inquire . . . is whether it would be clear to a reasonable officer that this conduct was unlawful "in the situation he confronted." Norwood v. Vance, 591 F.3d 1062, 1068 (9th Cir. 2010).

Here, the Court finds that construing the facts of the complaint liberally, Plaintiff has alleged that Defendant Kelly did not allow Plaintiff the opportunity to reproduce his symptoms, despite the fact Plaintiff told her he did so on the prior occasions where surgery was recommended. As a result, Plaintiff's suffering was prolonged. The Court finds that taken in the light most favorable to Plaintiff, Defendant's conduct amounted to a constitutional violation. Defendant is not entitled to qualified immunity.

## III.

## RECOMMENDATION

Based on the foregoing,

IT IS HEREBY RECOMMENDED that:

1. Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) be DENIED; and

2. Defendant be directed to answer the complaint; and

3. Defendants L. Zamora, D. McElroy, R. Chapnick, M. Boparai be dismissed; and

4. Plaintiff's ADA and conspiracy claims be dismissed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 24, 2015**

UNITED STATES MAGISTRATE JUDGE