# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MANNING, | Case No.  1:12-cv-01621-LJO-SAB-PC |
| Plaintiff, | ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE OBJECTIONS TO THE FINDINGS AND RECOMMENDATIONS (ECF No. 48) |
| v. | |
| J. KELLY, | |
| Defendant. | ORDER DENYING  MOTION FOR RECONSIDERATION (ECF No. 49, 52) |
| | ORDER GRANTING DEFENDANTS' MOTOIN FOR EXTENSION OF TIME IN WHICH TO FILE AN ANSWER (ECF No. 51) |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(1)(B) and Local Rule 302.

This action proceeds on the original complaint.  Plaintiff brings this action against Defendant J. Kelly, a Physician's Assistant at Avenal State Prison, where the events at issue occurred.  Plaintiff also names as Defendants L. Zamora, D. McElroy, R. Chapnick and M. Boparai.  Plaintiff claims that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.  Plaintiff also sets forth claims for conspiracy and violations of the Americans With Disabilities Act (ADA).

1    On July 25, 2013, an order was entered, finding that the complaint stated a claim against
2  Defendant J. Kelly for deliberate indifference to Plaintiff's serious medical needs in violation of
3  the Eighth Amendment.   Plaintiff failed to state a claim against any other Defendants or for
4  conspiracy or violation of the ADA.   Plaintiff was provided an opportunity to either file an
5  amended complaint that cured the defects identified in the July 25, 2013 order, or notify the
6  Court of his intention to proceed against Defendant Kelly only.  On August 28, 2013, Plaintiff
7  filed a notice indicating his willingness to proceed on the claims found to be cognizable by the
8  Court on July 25, 2013.

9    Plaintiff chose not to file an amended complaint.  Defendant Kelly was served, and filed
10  a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).  On August 24, 2015,
11  findings and recommendations were entered, recommending that Defendant Kelly's motion to
12  dismiss be denied.  The Court also noted that because the July 25, 2013 screening order advised
13  Plaintiff that if he chose to proceed only on the claims found to be cognizable, the remaining
14  claims and Defendants would be dismissed.  The Court therefore recommended that Defendant
15  Kelly's motion to dismiss pursuant to Rule 12(b)(6) be denied, and that the remaining claims and
16  Defendants be dismissed.  On September 30, 2015, an order was entered by the District Judge,
17  adopting the findings and recommendations and denying Defendant's motion to dismiss.   On
18  October 1, 2015, Plaintiff filed a motion for extension of time to file objections to the findings
19  and  recommendations.  On October 8, 2015, Plaintiff filed objections to the findings and
20  recommendations.  Although titled as objections, Plaintiff seeks reconsideration of the July 25,
21  2013, screening order.   On October 22, 2015, Defendant Kelly filed opposition to Plaintiff's
22  request for reconsideration of the screening order.   On October 28, 2015, Defendant Kelly filed
23  a motion for extension of time in which to file an answer to the complaint.  Defendant Kelly
24  seeks an extension of 21 days from the date of resolution of Plaintiff's motion for
25  reconsideration.  On November 13, 2015, Plaintiff filed a motion for reconsideration (titled as a
26  renewed motion for reconsideration) of the July 25, 2013, screening order.

27    Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of
28  finality and conservation of judicial resources."  Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir.

2003).  A reconsideration motion "should not be granted absent highly unusual circumstances.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999),  cert. denied, 490 U.S. 1059 (1989).  A reconsideration motion "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bit at the apple.'"  See Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2nd Cir. 1998).  "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden."  United States v. Westlands Water Dist. , 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001)(internal citations omitted).  "To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decisions."  Id.

Reconsideration is appropriate if the court: (1) is presented with newly discovered evidence: (2) has committed clear error or the initial decision was manifestly unjust; or (3) is presented with an intervening change in controlling law.  School District 1J. Multnomah County v. AC and S, Inc., 5 F3d 1255, 1263 (9th Cir. 1993), cert. denied, 512 U.S. 1236 (1994).  In addition, there may be other highly unusual circumstances warranting reconsideration.  Id.

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist."  Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . ."  Id.  (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law."  Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and

1   citations omitted), and '[a] party seeking reconsideration must show more than a disagreement

2   with the court's decision, and recapitulation . . . of that which was already considered by the

3   court in rendering its decision, <u>U.S. v. Westlands Water Dist.</u>, 134 F.Supp.2d 1111, 1131 (E.D.

4   Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to

5   induce the court to reverse its prior decision.  <u>See</u> <u>Kern-Tulare Water Dist. v. City of Bakersfield</u>,

6   634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds,

7   828 F.2d 514 (9th Cir. 1987).

8         Pursuant to Federal Rule of Civil Procedure 60(c)(1), '[a] motion under Rule 60(b) must

9   be made within a reasonable time . . . and no more than a year after the entry of judgment or the

10   date of the proceeding."  Plaintiff seeks reconsideration of an order entered on July 25, 2013.

11   (ECF No. 11.)    Plaintiff's request was not made within a reasonable time, and exceeds the one

12   year time frame in Rule 60.

13         Further, Plaintiff agreed to proceed on the claims found to be cognizable in the screening

14   order.  When the Court entered the July 25, 2013, screening order, it offered Plaintiff the

15   opportunity to either file an amended complaint or proceed on the claims found to be cognizable.

16   On August 28, 2013, Plaintiff filed a notice, informing the Court of his willingness to proceed

17   against Defendant Kelly on his Eighth Amendment claims only.  (ECF No. 14.)   Plaintiff argues

18   that he did not have time to amend his complaint due to lack of law library resources.  Plaintiff

19   did not, however, seek an extension of time to file an amended complaint, or in any way put the

20   Court on notice of the issue within the last two years.

21         The bulk of Plaintiff's motion for reconsideration is a recitation of the facts of the

22   original complaint, which the Court held does not state a claim on Plaintiff's claims of

23   conspiracy and violation of the Eighth Amendment against M. Boparai and L. Zamora.  Plaintiff

24   does not, however, identify any new facts or circumstances that warrant reconsideration of the

25   July 25, 2013, order.  <u>Kern-Tulare Water Dist.</u>, 634 F.Supp. at 665.  Plaintiff has not shown:  (1)

26   mistake, inadvertence,  surprise, or excusable neglect; (2) newly discovered evidence that could

27   not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct

28   by an opposing party; (4) a void judgment; (5) the judgment has been satisfied, released, or

discharged; or (6) any other reason justifying relief, as required by Rule 60.  The gravamen of Plaintiff's motion is a reconsideration of the allegations in the complaint.  For the reasons stated above, this is insufficient to warrant reconsideration of the screening order.

Defendant Kelly seeks an extension of time of twenty-one days from the date of service of the order regarding Plaintiff's motion for reconsideration to file an answer to the complaint.  Good cause appearing, Defendant's motion is granted.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's objections (construed as a motion for reconsideration) and motion for reconsideration (ECF Nos. 48, 52) are DENIED;

2. Plaintiff's motion for extension of time to file objections (ECF No. 48) is DENIED as moot; and

3. Defendant's request for an extension of time to file an answer (ECF No. 51) is GRANTED.  Defendant's answer is due twenty-one days from the date of service of this order.

IT IS SO ORDERED.

Dated:   **December 10, 2015**

UNITED STATES MAGISTRATE JUDGE