# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MANNING,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JULIE KELLY, et al.,<br><br>　　　　　Defendants. | Case No.  1:12-cv-01621-LJO-SAB-PC<br><br>ORDER DENYING PLAINTIFF"S MOTION FOR APPOINTMENT OF COUNSEL<br><br>(ECF NO. 57) |

　　　　Plaintiff Manning is a state prisoner appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.

　　　　On January 15, 2015, Plaintiff filed a motion for the appointment of counsel.  (ECF No. 57.)  Plaintiff has not previously sought the appointment of counsel.

　　　　Plaintiff is advised that there is no constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require any attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 195(e)(1).  Rand, 113 F.3d at 1525.

　　　　Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  Id. (internal quotation marks and citations omitted).

　　　　In the present case, the Court has considered Plaintiff's moving papers, but does not find

1

the required exceptional circumstances. <u>LaMere v. Risley</u>, 827 F.2d 622, 626 (9th Cir. 1987); <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991). Plaintiff is proceeding on a claim of deliberate indifference to his medical needs. Plaintiff argues that it is difficult for him to proceed, as he has a disability that affects his cognitive abilities. The legal issues present in this action are not complex, and Plaintiff has thoroughly set forth his arguments in the complaint filed in this action. In forma pauperis status alone does not alone entitle Plaintiff to appointed counsel. That it is difficult for Plaintiff to prosecute this action does not constitute exceptional circumstances.

While a pro se litigant may be setter served with the assistance of counsel, so long as a pro se litigant, such as Plaintiff in this instance, is able to "articulate his claims against the relative complexity of the matter," the "exceptional circumstances" which might require the appointment of counsel do not exist. <u>Rand</u>, 113 F.3d at 1525 (finding no abuse of discretion under 28 U.S.C. §1915(e) when district court denied appointment of counsel despite fact that pro se prisoner "may well have fared better – particularly in the realm of discovery and the securing of expert testimony.") Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   **January 19, 2016**

UNITED STATES MAGISTRATE JUDGE