1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEROY MANNING, | Case No.  1:12-cv-01621-LJO-SAB-PC |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION OF THE JANUARY 19, 2016, MOTION FOR THE APPOINTMENT OF COUNSEL |
| v. | |
| J. KELLY, | (ECF NO. 68) |
| Defendant. | |

## I.

## BACKGROUND

Plaintiff Leroy Manning is appearing pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  On January 19, 2016, the undersigned denied Plaintiff's motion for the appointment of counsel. (ECF No. 58.)  Pending before the Court is Plaintiff's May 11, 2016, motion for reconsideration of the order denying Plaintiff's motion for the appointment of counsel.

## II.

## ANALYSIS

The motion for reconsideration is governed by Rule 60 of the Federal Rules of Civil Procedure and Rule 230 of the Local Rules of the United States District Court, Eastern District of California.  Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that

justifies relief.  Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . . exist." Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)(internal quotation marks omitted).  The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted).  In seeking reconsideration of an order, Local Rule 230(j) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in controlling law." Marlyn Nutraceuticals, Inc., v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009)(internal quotation marks and citations omitted), and "[a] party seeking reconsideration must show more than a disagreement with the court's decision, and recapitulation .  .  .  of that which was already considered by the court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001).  To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision.  See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 646, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

Plaintiff seeks reconsideration of the order denying Plaintiff's motion for the appointment of counsel.  The motion was denied on the ground that Plaintiff failed to show exceptional circumstances justifying the appointment of counsel.  28 U.S.C. § 1915(e)(1); LaMere v. Risley, 827 F.2d 622, 626 (9th Cir. 1987); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).   In his motion for reconsideration, Plaintiff argues that he is disabled within the meaning of the Americans With Disabilities Act, and he has limited reading and comprehension abilities.  Plaintiff also disagrees with the Court's ruling that the issues in this case are not complex.   In the order denying Plaintiff's motion for the appointment of counsel, the Court noted that "Plaintiff argues that it is difficult for him to proceed, as he has a disability that affects his cognitive disabilities."  (ECF No. 58 at 2:4.)   The Court has considered Plaintiff's argument that

he has a disability, and also found that this case does not present complex legal issues.

This action proceeds on Plaintiff's claim of deliberate indifference against Defendant Physician's Assistant Julie Kelly.  Specifically, Plaintiff alleges that Defendant Kelly interfered with a physician's order.  Plaintiff adequately set forth his claims in the complaint in this action (ECF No. 1), which stated a claim for relief against Defendant Kelly.  Plaintiff responded to an order to show cause regarding service upon Defendant (ECF No. 20), which resulted in proper service.  Plaintiff adequately opposed a motion to dismiss (ECF No. 36), which was ultimately denied. (ECF No. 47.)   Considering Plaintiff's argument, the Court found Plaintiff was not entitled to the appointment of counsel.   A simple request to reconsider the earlier decision does not satisfy the standard in Rule 60 and Local Rule 230.

### III.

### CONCLUSION AND ORDER

Plaintiff has not met the high burden of coming forward with new or different facts or circumstances or mistake of law to justify his motion to reconsider the January 19, 2016, order denying Plaintiff's motion for the appointment of counsel.  The motion for reconsideration should therefore be denied.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration of the January 19, 2016, order denying his request for the appointment of counsel is DENIED.

IT IS SO ORDERED.

Dated:   __May 13, 2016__                              _____
                                                        UNITED STATES MAGISTRATE JUDGE